**Dorothy ALLEN, Plaintiff,**

v.

**BENEFICIAL FINANCE COMPANY, Defendant.**

**No. H 75-2.**

United States District Court, N. D. Indiana, Hammond Division.

May 1, 1975.

Frederick J. Ball, Given, Dawson & Cappas, East Chicago, Ind., for plaintiff.

Joseph S. Reid, Wilson, Donnersberger & Van Bokkelen, Hammond, Ind., for defendants.

## MEMORANDUM OPINION AND ORDER

ALLEN SHARP, District Judge.

The Court is presented with cross-motions for summary judgment in this case. Both plaintiff and defendant state that there is no genuine issue as to any material fact raised by the complaint and that they are entitled to a judgment as a matter of law. The Court has perused the briefs filed and now agrees that there is no triable issue of material fact and that the question of damages is foreclosed by 15 U.S.C. § 1640(a)(1), and is a statutory amount.

The Court assumes jurisdiction pursuant to 15 U.S.C. § 1640(e).

### FACTS

On April 2, 1974 Dorothy C. Allen signed a note as co-borrower. Her ex-husband was named as the principal borrower. Beneficial Finance, Inc. is the creditor and the holder of the note. See exhibit A. The plaintiff also signed the Statement of Disclosure and thereon acknowledged that she received a copy of said statement of disclosure. The note of April 4, 1974 included the unpaid balance of a prior loan and the total finance charge was $714.42.

On January 3, 1975 the plaintiff filed a complaint alleging violations of the Truth in Lending Act and Regulation Z, 12 CFR § 226.6. Plaintiff alleged that there was one or more disclosure violations and the plaintiff prayed for the statutory penalty and attorney fees. Subsequently, both parties moved for summary judgment.

Summary judgment is appropriate only when there are no disputed

issues of fact and only legal issues remain. It is not sufficient to say that since both parties moved for summary judgment there are no disputed issues of fact. It is well settled that a Court's duty to ascertain whether facts remain in contention is not obviated by cross-motions for summary judgment. *Eby v. Reb Realty Co.*, 495 F.2d 646 (9th Cir. 1974). Also, in certain cases summary judgment is inapposite because the legal issue is so complex, difficult or insufficiently highlighted that further factual elucidation is essential for its prudently considered resolution. *Id.* at 649.

■ The one fact which may be in controversy in this action is whether or not the plaintiff received a copy of the disclosure statement. However, the Court finds that the plaintiff was a co-maker, and, as such, the creditor was not required to furnish her with a copy. 12 CFR § 226.6(e). 15 U.S.C. § 1631 (b).

## ANALYSIS

■ The Truth in Lending Act was designed to provide for mandatory disclosure requirements upon those institutions who extend credit to consumers. The purpose was to assure meaningful disclosure of the cost of credit so that consumers could compare various credit terms and avoid the uninformed use of credit. 15 U.S.C. § 1601. The Truth in Lending Act reflects a transition in Congressional policy from a philosophy of let-the-buyer-beware to one of let-the-seller-disclose. See *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). The Truth in Lending Act is a remedial statute designed as much as possible to permit borrowers to make informed judgments about the use of credit. To effectuate this congressional purpose requires that the act's terms be liberal-

ly construed. *Eby,* supra, at 650; Scott v. Liberty Finance Co., 380 F.Supp. 475 (D.C.Neb.1974); Philbeck v. Timmers Chevrolet, Inc., 499 F.2d 971 (5th Cir. 1974); Sellers v. Wollman, 510 F.2d 119 (5th Cir. 1975).

The question for the Court is whether or not the defendant's Statement of Disclosure is in compliance with the requirements of the Truth in Lending Act and Regulation Z. 12 CFR § 226.1 et seq.

## FINDINGS

■ The Court has examined the Statement of Disclosure with care and in light of the statute and regulations. The Act and Regulation Z also require that all disclosures be made in "meaningful sequence". 15 U.S.C. § 1631; Reg. Z.

A glance at the putative "disclosures" made by the defendant to plaintiff on "Exhibit A" reveals how poorly defendant has attempted to even minimally comply with the law. Examples are:

(a) Defendant has combined closely together what appears to be an "Unpaid Balance-Prior Loan" with "Rebates" opposite to and to the right of the apparent new transaction. A person is unable to easily determine if the transaction consists of a loan of $2484.00 or $1232.00;

(b) In the apparent "new transaction" the "Precomputed Charges" is similar in amount to the "Finance Charge" leading to confusion as to which item is the real cost of credit;

(c) The "Amount Financed" is separated from the "Total of Payments" by the "Precomputed Charges" causing confusion as to how one arrived at the "Amount Finances";

(d) The "Amount Financed" is on "line 1", with "line 2" on the lower right hand of a separate column, leading to confusion as to the relationship between lines 1, 2 and 3 and

how one arrives at the figure of "Net-Balance-Prior Loan" on line 2;

(e) No total of lines 3, 4, 5, 6, 7, 8 and 9 are computed, leading to confusion of their relationship to line 1 and line 2 and when the subtraction, if it applies, occurs to reach a net balance;

(f) The "Annual Percentage Rate" is below line 2, but does it apply to line 2 ("Net Balance-Prior Loan" or line 1 ("Total of Payments") or to the "Unpaid Balance-Prior Loan" of $1232.00, found directly above the column holding the Annual Percentage Rate;

(g) The "Cash or Check Delivered to Borrowers" is apparently the net proceeds to the Borrowers but is found to the far right, middle of the sheet with no explanation of just how one arrives at that figure and what happened to the amount of the loan, apparently $2484.00;

(h) No total of the "Rebates" is computed leading to confusion of their relationship to the "Unpaid Balance-Prior Loan" and the figure of $1031.-56, "Net Balance-Prior Loan" and how the $1031.56 relates to the "Total of Payments" or the "Amount Financed";

(i) Lender says it has disbursed "the proceeds of loan for Items 2 through 9, but one is not sure from what that total is deducted or if lines 2 through 9 are to be deducted or subtracted from the "Finance Charge", "Total of Payments" or "Net Balance-Prior Loan."

(j) One finds the "Security" description starting in the upper right hand corner of the statement with "security (cont.)" in the middle of the page and no connection between the two for continuity or for the mind to connect the two portions of the page in any meaningful sequence.

It can be seen that such figures and their placement and relation to one another are not in "meaningful sequence". Basic, sound arithmetical and subtractional columns are not used, but rather the mind and the eye must jump from one section of the statement to the other. One starts with a figure of $2484.00 on the upper left side of the statement and ends up with $453.09 on the lower right side of the statement. Between the two figures, and in the meantime, the Borrower finds she has somehow "requested and directed" the Lender to disburse money.

The Court now finds that the defendant is liable under 15 U.S.C. § 1640, for failure to disclose information as required under § 1640. The lack of any meaningful sequence to the purported disclosures effectively masks any information which the Act sought to have available to the consumer. The Act is to be liberally construed in favor of the consumer. Thomas v. Myers-Dickson Furniture Co., 479 F.2d 740 (5th Cir. 1973).

Therefore, the plaintiff's motion for summary judgment is granted. The defendant's motion for summary judgment is denied.

15 U.S.C. § 1640(a)(1) directs a statutory award of One Thousand Dollars in this case.

15 U.S.C. § 1640(a)(2), directs the awarding of costs and attorney fees for failure to disclose under the Act and Regulation Z.

The Court now finds that the defendant violated the Truth in Lending Act by actions which are set out above. The Court finds that the plaintiff is a proper person to sue and recover under the act and the facts of this case.

The defendant is liable to the plaintiff for the statutory amount of One Thousand Dollars ($1000.00), costs of this action and reasonable attorney fees.

Ruling on the exact amount of attorney fees to be awarded will be taken under advisement until after the plaintiff has provided the Court, and filed, sufficient documentation so as to allow the Court to compute a reasonable fee.

## EXHIBIT A

### STATEMENT OF DISCLOSURE AND LOAN REGISTER

As shown hereon, the amount shown below as the Total of Payments which is the Amount Financed plus the Finance Charge, is payable in successive monthly instalments of principal and charges combined. The Number of instalments and the amounts of the 1st instalment and the Other instalments are set forth below. The first of said instalments is payable on the 1st Due Date shown below and each subsequent instalment on the same day of each succeeding month thereafter, the final instalment being due and payable on the Final Due Date shown below. The sum of the instalments is shown below as the TOTAL OF PAYMENTS.

LENDER:

BENEFICIAL FINANCE
INCORPORATED
504 BROADWAY
GARY, INDIANA
1533058   TEL.883 0422
OPEN THURS. TO 8 P.M.

Account No. 21433552 26

Name & Mailing Address of Borrower(s)   Spouse

ALLEN, MR. AURELIUS, DOROTHY
4916 ASTER ST.
E CHGO, IN 46312

Residence Address — if not the same

| Date of Loan | 1st Due Date | Final Due Date | 1st Instal | Other/instal | Payable in Monthly Instalments |
|---|---|---|---|---|---|
| 04/02/74 | 05/02/74 | 04/02/77 | 69.00 | 69.00 | 36 |

$ 2484.00 TOTAL OF PAYMENTS
$ 714.42 Precomputed Charges

$ 1232.00 Unpaid Balance Prior Loan
$ 161.98 Precomputed Charges

$ 714.42 FINANCE CHARGE
$ 1769.58 AMOUNT FINANCED
$ 122.71 Disability Ins Cost
$ 48.44 Life Ins Cost
$ 111.78 Hsthld Conts Ins Prem
NONE Dwelling Ins Prem
NONE Auto Phys Dem Ins Prem
$ 2.00 Filing Fees UCC Forms
NONE Certificate of Title Fees $

$ NONE Time Price Differential
$ NONE Other
$ 24.16 Disability Ins Cost
$ 14.30 Life Ins Cost

$ 1031.56 Net Balance Prior Loan
.01 Nature of Security
23.54 % ANNUAL PERCENTAGE RATE
Default Charge

SECURITY The security for this loan is checked below.

Security Agreement dated 1/3/71

☐ Furniture   Yr   Make
on ☐ Auto
☐ Accommod ☐ Real Estate
☐ Maker ☐ Mortgage
INSURANCE IS INCLUDED OF COST OR PREMIUM IS INFERRED TO THE LEFT HEREON

If the box alongside the word "furniture" is checked, the Security Agreement identified by the date shown hereon covers all of the consumer goods of every kind then owned or thereafter acquired by the Borrowers in re cated at the Borrowers place of residence set forth hereon. Such Security Agreement secures future advances or loans made by Lender to Borrowers, at Lender's option within eight years of the date of such Security Agreement.

Sequential Number 26.16520.9

REBATES At the direction and request of the Borrowers on their behalf and for their benefit the Lender has disbursed from the Amount Financed the proceeds of loan for Items 2 through 9 shown to the left hereof and for those items shown below as follows

| | |
|---|---|
| 10 Closing Costs Real Estate | $ |
| 11 To | $ |
| 12 To | $ |
| 13 To | $ |
| 14 To | $ |
| Cash or Check Delivered to Borrowers (Line 1 less sum of lines 2 through 14) | $ 453.09 |

**SECURITY (cont.)**

If the box opposite the description "Real Estate Mortgage" in said Security section is checked this loan is secured by a mortgage on real property owned by the borrowers which is the Borrowers place of residence shown unless otherwise identified below

**Property Other Than Borrowers' Residence**

| Address | City | County |
|---|---|---|

DELINQUENCY CHARGE. The Lender may charge and collect a delinquency charge equal to 5% of an instalment up to a maximum of $5.00 for any instalment of such instalment is not paid in full on the tenth day after it is due

REBATES. Upon prepayment of this loan in full prior to the final Due Date the Lender shall make a rebate to the Borrowers of a portion of the Precomputed Charge calculated under the Direct Ratio Refund Method generally known as the Rule of 78ths as at the next instalment due date following the date of prepayment in full. If a deferral is granted by the Lender and a Deferral Charge is incurred the Lender also shall refund to the Borrowers the unearned portion of the Deferral Charge applicable on a pro rata basis to the unexpired full months of the deferral period. The sum of $7.50 shall be retained as a minimum charge when the earned Precomputed Charges on a Principal Amount of Loan over $75.00 are less than $7.50. If the Principal Amount of Loan is $75.00 or less the sum of $5.00 shall be retained when the earned Precomputed Charge are $5.00 or less

**Insurance Authorization and Request and Acknowledgement of Receipt of Loan Proceeds and Statement of Disclosure**

The undersigned hereby authorize and request the above identified Lender to arrange for the insurance described below and agree to pay from the proceeds of said loan the identifiable cost thereof as set forth above

Group credit disability insurance using the designated Principal Borrower against disability during the term of said loan, the benefit of which after 14 days of disability shall be retroactive to the first day of disability and shall be equal for each day of disability to 1/30th of the monthly instalment on said loan

Reducing term group credit life insurance insuring the life of the designated Principal Borrower or the lives of the Principal Borrower and the spouse of such Principal Borrower during the term of said loan for the scheduled unpaid balance of the loan on the date of death, or the net unpaid balance at the date of death, whichever is greater

The actual lives of such insurance shall be those set forth in the Certificate issued in connection therewith

The undersigned expressly state and agree that this authorization is made voluntarily, not upon any requirement of the Lender or any of the Lender's employees, and acknowledge that the taking of such insurance is entirely optional

Initial the appropriate box

☐ I desire Credit Disability Insurance    Date ___ 19 74
☐ I do not want Credit Disab Insurance

☐ I desire Credit Life Insurance    Date ___ 19 74
☐ I do not want Credit Life Insurance

☐ I desire Credit Life Insurance    Date ___ 19 74
☐ I do not want Credit Life Insurance

The undersigned further acknowledge receipt from the Lender of a written statement setting forth the premium for insurance written against loss or damage to property of obtained through the Lender, which insurance is more specifically identified as follows (check box for applicable insurance coverage)
( ) Household Contents Insurance — Fire, Theft and Extended Coverage
( ) Dwelling Insurance — Fire and Extended Coverage
Automobile Physical Damage Insurance
( ) Fire, Theft and Windstorm — Towing Labor Services and Loss of Use
( ) Comprehensive -- Collision -- Towing Labor Services and Loss of Use
The undersigned further acknowledge that with reference to such above identified insurance coverage so selected, the Lender disclosed the above stated premium for such insurance coverage and that the undersigned had a choice of the person through which to obtain such insurance coverage
The undersigned hereby confirms that (1) neither the Lender nor the procurement of the household contents insurance nor the selection of a particular agent was required by the Lender the Lender informed the undersigned that such insurance could be obtained from any insurance agent or broker and (3) the undersigned understands that it also has the option of furnishing the same insurance coverage through existing policies of insurance owned or controlled by the undersigned
The undersigned also acknowledge receipt of a Statement of Disclosure as prescribed by the aforesaid Consumer Credit Protection Act of Regulation Z and further agree that the proceeds of loan were received on the date shown below and were disbursed in accordance with the undersigned's authorization for the items shown in the box to the right hereof, receipt of the items designated Cash or Check Delivered to Borrowers hereby being acknowledged

Principal Borrower

Witness _Michael Smith_   Date 4/2  19 74

Co Borrower

for the Lender named above

By _John J. Stejmond_   Manager

Spouse of Borrowers

The undersigned acknowledges receipt of the Statement of Disclosure - Copy for Spouse of Borrower