Philip R. BIZIER, et al., Plaintiffs,
Appellants,

v.

GLOBE FINANCIAL SERVICES, INC.,
Defendant, Appellee.

No. 80–1684.

United States Court of Appeals,
First Circuit.

Argued June 1, 1981.

Decided July 14, 1981.

John Boyajian, Providence, R. I., with whom Boyajian & Coleman, Providence, R. I., was on brief, for plaintiffs, appellants.

John P. Cronin, Boston, Mass., with whom Barron & Stadfeld, Boston, Mass., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BREYER, Circuit Judges.

COFFIN, Chief Judge.

In this case we hold, contrary to the district court, that the description of a security interest set forth in a particular disclosure statement fails to comply with the applicable disclosure requirement of the Truth in Lending Act, 15 U.S.C. § 1639(a)(8).

Plaintiffs-appellants Philip and Ann Bizier entered into a loan agreement with defendant-appellee Globe Financial Services and secured that loan by a mortgage on their home. Appellee supplied certain disclosure documents in connection with the transaction, and appellants now claim that those documents were statutorily inadequate in each of three respects: first, because the description of the security interest obtained by the lender incorrectly states that both after-acquired property and future or other indebtedness would be subject to it; second, because the disclosure statement fails to note on its face the requirement that the lender be named as loss payee on an insurance policy covering the property secured; and finally, because the style of type in which the borrower's right to rescind the transaction is printed fails to comply with a statutory specification. Appellee denies that any aspect of the disclosure provided was inadequate, and maintains in addition that it has an affirmative good faith defense to any violation.

■ The law to be applied in this case involves an unusual interplay of federal and state law. The overall statutory framework is provided by the federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. Pursuant to § 1633 of that title, however, the Federal Reserve Board has determined that a Massachusetts statute, Mass. Gen.L. ch. 140C, establishes requirements "substantially similar" to TILA's and thus serves to exempt transactions within Massachusetts from the federal disclosure requirements. See 12 C.F.R. § 226.55(d). At the same time, the Board has also ruled—as the statute might mandate in any event—that the federal civil liability provisions, 15 U.S.C. § 1640, remain applicable to such transactions. See 12 C.F.R. § 226.12(c). In addition, the concurrent federal jurisdiction conferred by TILA remains effective despite the applicability of state disclosure standards. See 15 U.S.C. § 1640(e); Ives v. W.T. Grant Co., 522 F.2d 749 (2d Cir. 1975). In any event, the relevant disclosure provisions of the state and federal statutes are apparently identical, and both federal and state courts have recognized that the policies underlying the two statutes are also identical. See Kaminski v. Shawmut Credit Union, 416 F.Supp. 1119, 1122 (D.Mass. 1976); Shepard v. Finance Associates of Auburn, Inc., 366 Mass. 182, 316 N.E.2d 597, 604 (1974). Accordingly, this interplay will with minor exceptions not require separate analysis of the two acts, and we will rely where they do not differ on prior analyses of the more widely considered federal act.

■ We begin by noting the underlying purposes and philosophy of TILA. Most important to the case before us, Congress sought in the act to vest considerable enforcement power in "private attorneys general", individual borrowers who by suing lenders for alleged violations could achieve widespread compliance without government intervention. See Chapman v. Rhode Island Hospital Trust Nat'l Bank, 444 F.Supp. 439, 443 (D.R.I.1978); Ratner v. Chemical Bank N.Y. Trust Co. 329 F.Supp. 270, 280 (S.D.N.Y.1971). To provide incentives for such enforcement, the act provides two distinct remedies for violation of "any requirement" it imposes: any actual damages

caused, and, whether or not any actual damages were suffered, a recovery of up to $1000 plus attorney's fees for any individual transaction. 15 U.S.C. § 1640. In addition, as courts have consistently recognized, the act is intended to balance scales thought to be weighed in favor of lenders and is thus to be liberally construed in favor of borrowers. *See, e. g., N.C. Freed Co. v. Board of Governors of the Federal Reserve System,* 473 F.2d 1210, 1214 (2d Cir.), *cert. denied,* 414 U.S. 827, 94 S.Ct. 48, 38 L.Ed.2d 61 (1973); *Shepard v. Finance Associates of Auburn, Inc.,* 366 Mass. 182, 316 N.E.2d 597, 603 (1974).

We turn to the issues before us in the light of these principles. The first inaccuracy alleged by appellants is the assertion in the disclosure statement provided by appellee that the mortgage "grants . . . a security interest in . . . after-acquired property and secures other and future indebtedness of the borrower". In fact, as appellee concedes, the mortgage agreement covered neither of those interests and thus the disclosure is literally inaccurate. The substantive disclosure standard specifically applicable to this claim is 15 U.S.C. § 1639(a)(8), which provides that a creditor "shall disclose each of the following items, to the extent applicable: . . . (8) a description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates." *See* 12 C.F.R. § 226.8(b)(5) (Federal Reserve Board regulation further detailing this requirement); *see generally Anderson Bros. Ford v. Valencia,* —— U.S. ——, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981). Thus the question we must decide is whether this inaccuracy is sufficient to constitute a violation of the act.

■ We conclude that it does. *Accord, Franklin v. Community Federal Savings and Loan Ass'n,* 629 F.2d 514 (8th Cir. 1980). First, it arguably fails both the "description" and the "clear identification" requirements of the provision. In addition, this failure cannot be dismissed as de minimis or hypertechnical because it might well

have an adverse impact on borrower in either of two distinct ways: by deterring future borrowing or property acquisition out of an exaggerated belief in the security interest to which they would be subject, or by giving a lender an apparent right which, even if ultimately unenforceable, could serve as a significant bargaining lever in any future negotiations concerning rights or obligations under the loan. Indeed, we think this inaccuracy presents an even clearer case of a violation than one for which courts have consistently imposed liability, namely a description of an actually existing security interest in after-acquired property that fails to note that it extends only to goods acquired within 10 days of the secured party's giving value. *See, e. g., Jacklitch v. Redstone Federal Credit Union,* 615 F.2d 679 (5th Cir. 1980); *Basham v. Finance America Corp.,* 583 F.2d 918 (7th Cir. 1978); *In re Dunne,* 407 F.Supp. 308 (D.R.I.1976).

■ Nor do we think that any good faith defense excuses this violation under either state or federal law, whose standards differ in a manner not material to our conclusion. *Compare* 15 U.S.C. § 1640(c) *with* Mass. Gen.L. ch. 140C, § 10(b). Each requires affirmative proof by a creditor that a violation was unintentional and "resulted from a bona fide error" under specified circumstances. While appellees have argued that the mistake is insignificant, they have not offered any evidence which even tends to prove that it resulted from a bona fide effort at precision. Federal courts have strictly limited this defense to purely and literally "clerical" errors, *see, e. g., Ives v. W.T. Grant Co.,* 522 F.2d 749 (2d Cir. 1975); *Haynes v. Logan Furniture Mart,* 503 F.2d 1161 (7th Cir. 1974); *Gillard v. Aetna Finance Co.,* 414 F.Supp. 737, 748 (D.La.1976). Massachusetts courts have indicated no different view. Accordingly, and without deciding which law applies, we conclude that appellees have not demonstrated that they are within the scope of this defense.

■■ Finally, we do not think our conclusion contrary to the spirit of the Supreme Court's recent emphasis that the dis-

**4**

closure the act seeks to foster is not simply more disclosure but "meaningful disclosure". 15 U.S.C. § 1601; *see Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 568, 100 S.Ct. 790, 798, 63 L.Ed.2d 22 (1980) ("*Meaningful* disclosure does not mean *more* disclosure. Rather, it describes a balance between 'competing considerations of complete disclosure . . . and the need to avoid . . . [informational overload].' ", *quoting* S.Rep. 96–73, p. 3 (1979) (accompanying S. 108, Truth in Lending Simplification and Reform Act) [emphases in original]). Read in the context of the clear purposes described above, we think this principle, while permitting courts to hold disclosure not required where it is not explicitly mandated and/or might actually work against borrowers' interest, does not grant discretion to excuse a nondisclosure such as presented here. First, § 1639(a)(8) does explicitly require a "clear identification" of secured property. Moreover, as noted above, this inaccuracy does have the potential for actual harm. Given this possibility, we think the prophylactic design of TILA's "private attorneys general" scheme requires that liability be imposed.

This conclusion renders unnecessary any consideration of appellants' two remaining alleged violations. The statutory remedy under the private attorneys general standard limits recovery to a maximum of $1000 plus attorney's fees "in connection with any transaction". 15 U.S.C. § 1640(a)(2)(A)(i). Thus appellants would be entitled to no greater award even were the other two alleged deficiencies in fact to constitute independent violations of the act, and we accordingly have no justification to decide those. Nor do we express any view on the question, apparently still contested in ongoing proceedings before the district court, whether the statute allows recovery to each or only to one of the two appellants before us.

In closing, we think it appropriate to emphasize the limited scope of our holding. Appellants have in this action sought only the limited statutory remedy of § 1640(a)(1), which as noted provides a far less drastic and expensive remedy than

might an award of actual damages under § 1640(a)(2). In actions of the latter type, of course, such conventional contract-law elements as damages and causation must be shown in addition to a threshold showing of a violation of a TILA requirement. *See* 15 U.S.C. § 1640(a)(1). In addition, appellants have not sought rescission of their contractual obligations under 15 U.S.C. § 1635, which imposes an explicit standard of materiality, together with other requirements, that may or may not be met in this case. We need express no view on the actual standards applicable in such actions, but note simply that our holding has no necessary implications for them.

*Reversed.*