In re Charles **SHERMAN** and Beverly Sherman, Debtors.

John **BOYAJIAN**, Trustee, Plaintiff,

v.

**ASSOCIATES FINANCIAL SERVICES COMPANY OF RHODE ISLAND**, Defendant.

Bankruptcy No. 8000364.
Adv. No. 810012.

United States Bankruptcy Court,
D. Rhode Island.

Aug. 11, 1981.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R. I., for trustee.

Thomas C. Mullaney, Jr., Connors & Kilguss, Providence, R. I., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ENTERING JUDGMENT FOR THE PLAINTIFF

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Trustee's complaint alleging that the "Loan Disclosure Statement" provided to the Shermans inadequately describes the security interest taken by Associates Financial Services, in violation of the Federal Consumer Credit Protection Act, 15 U.S.C. §§ 1601, et seq. (the Truth in Lending Act) and Regulation Z, 12 C.F.R. §§ 226, et seq.

On September 14, 1979, Charles Sherman and Beverly Sherman entered into a consumer credit loan transaction with Associ-

ates. In the ordinary course of its business, Associates regularly extends credit to consumers, for payment of a finance charge. Associates is therefore a "creditor" as defined in the Truth in Lending Act, 15 U.S.C. § 1602(f), 12 C.F.R. § 226.2(s) and is required to make the disclosures mandated by the Act in consumer credit transactions. 15 U.S.C. § 1631(a); 12 C.F.R. §§ 226.6(a), 226.8(a). On May 23, 1980, the Shermans filed a petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301, et seq., in this Court.

According to the security agreement Associates retained a security interest in "All of the consumer goods and personal property listed below: 1 Norge refrigerator, 1 colonail [sic] sofa, . . . ." The list included twenty-one specific items. The "Loan Disclosure Statement", however, listed the security as "Household goods, appliances, furniture and other personal property of like, [sic] kind and nature now owned."[1] The Trustee argues that the language in the "Loan Disclosure Statement" fails to adequately describe the security interest retained by Associates and fails to clearly identify the property subject to said security interest. 15 U.S.C. § 1639(a)(8).

### I

After the matter had been heard and taken under advisement, Associates filed a motion to dismiss the Trustee's complaint on the ground that as a matter of law the Trustee was without authority to bring the action. In its "Memorandum in Support of Motion to Dismiss," Associates asserts that under Code § 1302, the Trustee is not authorized to provide a debtor with advice on legal matters, and therefore the maintenance of a Truth in Lending action by the Trustee is beyond the scope of his authority.

It appears that Associates' motion to dismiss is filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such a

motion is untimely if made after the trial is concluded. Fed.R.Civ.P. 12(b); Wright & Miller, *Federal Practice & Procedure: Civil*, § 1392. Therefore, the motion to dismiss is denied.

Even if the motion were timely filed, however, it is the Court's opinion that Associates' reliance on § 1302 is totally misplaced. The Trustee in this case is not providing the Debtors with advice on legal matters; but rather, in accordance with his obligation to creditors, is pursuing a cause of action, title to which vested in the Trustee under Article IV of the Debtors' Plan for Repayment, and Code § 1322(b)(9). *Burroughs v. Local Acceptance Co. (In re Dickson)*, 432 F.Supp. 752 (W.D.N.C.1977).[2] *See also, Flournoy v. Trust Co. of Columbus (In re Weaver)*, 632 F.2d 461 (5th Cir. 1980) and Bankruptcy Rule 13–607.

### II

The Truth in Lending Act requires that in any consumer credit loan transaction a creditor must include in the "Loan Disclosure Statement" "[a] description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates." 15 U.S.C. § 1639(a)(8). Regulation Z has a similar requirement. 12 C.F.R. § 226.8(b)(5).

The Trustee argues that the phrase in the disclosure statement "and other personal property of like, [sic] kind and nature" is ambiguous and could reasonably be interpreted to include items for which Associates did not retain a security interest. I agree with the Trustee's position.

In a recent case, *Bizier v. Globe Financial Services, Inc.*, 654 F.2d 1 (1st Cir. 1981), the Court of Appeals for the First Circuit held that a loan disclosure statement which indi-

---

1. The security agreement and the disclosure statement also list a security interest in "insurance, including proceeds." This item is not contested by the Trustee.

2. Associates also asserts that the Trustee failed to receive court approval prior to employing himself as attorney for the estate. Associates is mistaken. This Court entered such an order on January 5, 1981. The present action was filed two days later.

cated that, in addition to a real estate mortgage, the creditor held a security interest in after-acquired property, when in fact the mortgage was the only security, was violative of 15 U.S.C. § 1639(a)(8). The court explained that an overbroad description

> cannot be dismissed as de minimis or hypertechnical because it might well have an adverse impact on borrower in either of two distinct ways: by deterring future borrowing or property acquisition out of an exaggerated belief in the security interest to which they would be subject, or by giving a lender an apparent right which, even if ultimately unenforceable, could serve as a significant bargaining lever in any future negotiations concerning rights or obligations under the loan.

654 F.2d at 3.

The *Bizier* case is applicable and controlling in the case at bar, and requires a finding that the description of the secured property in the disclosure statement is inaccurate and unclear, and constitutes a violation of the Truth in Lending Act.

### III

■ Associates asserts as an affirmative defense that any error was clerical in nature. This defense is based on 15 U.S.C. § 1640(c) which provides that "[a] creditor may not be held liable ... if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Federal courts have strictly limited this defense to purely and literally "clerical" errors. *Bizier, supra; Ives v. W. T. Grant Co.*, 522 F.2d 749 (2d Cir. 1975); *Haynes v. Logan Furniture Mart*, 503 F.2d 1161 (7th Cir. 1974). Associates has offered no evidence on which to base the defense. Furthermore, I do not consider the inadequate description of a security interest to constitute the type of clerical error intended to be included within

the language of § 1640(c). The "error" in this case is clearly one of substance. Accordingly, the "bona fide error" defense is unavailable to Associates. *Turner v. Firestone Tire & Rubber Co.*, 537 F.2d 1296 (5th Cir. 1976).

### IV

■ Finally, the Trustee contends that since each debtor signed and was liable on the note, he is entitled to a separate award of damages for each Debtor. That assertion reopens a judicial can of worms which this Court has previously resolved against the Trustee, *Boyajian v. Avco Loan and Investment Co. (In re Brown)*, 4 BCD 240 (D.R.I.1978), and is in sharp dispute among the circuits. *See, e. g., Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871 (7th Cir. 1976); *Tappin v. Bastrop Loan Co.*, 610 F.2d 283 (5th Cir. 1980) (multiple awards). *Contra, Powers v. Sims and Levin*, 542 F.2d 1216 (4th Cir. 1976); *Milhollin v. Ford Motor Credit Co.*, 588 F.2d 753 (9th Cir. 1978), reversed on other grounds, 444 U.S. 555 (1980); *Riggs v. Government Emp. Financial Corp.*, 623 F.2d 68 (9th Cir. 1980). The Court of Appeals for the First Circuit, in which this Court is located, has not considered this issue, however, the District Court of this district, in *Tarplain v. Baker Ford, Inc.*, 466 F.Supp. 1340 (D.R.I.1979), reversed on other grounds, 618 F.2d 94 (1st Cir. 1980), has held that each co-obligor is entitled to a separate award of damages,[3] and in effect overruled the earlier decision of this court. Although there has been a change in the relationship of the bankruptcy court, vis-a-vis, the district court, see the Bankruptcy Reform Act of 1978, Pub.L.95–598, U.S.Code Cong. & Admin.News 1978, p. 5787, I feel that the *Tarplain* case is the present state of the law in this district with respect to multiple awards to co-debtors, and is dispositive of that issue in this case.

---

**3.** The Court is aware that Pub.L.96–221, Title VI, § 615, 94 Stat. 180, 181 (1980) amends § 1640 to provide that when there are multiple obligors, there shall only be one recovery of damages under § 1640(a). This amendment, however, does not take effect until March 31, 1982, and it is beyond the power of the Court to judicially legislate that amendment into force at this time.

Section 1640(a) provides for damages, for violation of the disclosure requirements, of twice the amount of any finance charge, but not greater than $1,000, plus, in the case of a successful action, costs and a reasonable attorney's fee. The finance charges assessed by Associates totalled $2,672.17. Therefore, in this case the Court is required to assess damages against Associates in the amount of $1,000 for each Debtor, plus costs and a reasonable attorney's fee. On the issue of costs and fees, the attorney for the Trustee should file applications for the same within ten days. If the Defendant desires to question the reasonableness of said applications, a hearing should be requested within ten days thereafter.