**In re Joseph A. DUFFY and Leslie K. Duffy, Debtors.**

**John BOYAJIAN, Trustee, Plaintiff,**

**v.**

**ASSOCIATES FINANCIAL SERVICES COMPANY OF RHODE ISLAND, INC., Defendant.**

Bankruptcy No. 7900043.

Adv. No. 800078.

United States Bankruptcy Court, D. Rhode Island.

Sept. 11, 1981.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R. I., for trustee.

Thomas C. Mullaney, Jr., Connors & Kilguss, Providence, R. I., for defendant.

**ORDER ON TRUSTEE'S COMPLAINT ALLEGING TRUTH IN LENDING VIOLATIONS**

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Trustee's complaint alleging that the Defendant, in several respects, violated the Federal Consumer Credit Protection Act 15 U.S.C. §§ 1601, et seq. (Truth in Lending Act), and Regulation Z, 12 C.F.R. §§ 226.1, et seq., in connection with a loan made to the Debtors.

Specifically, the Trustee alleges that the Defendant failed to: (1) make necessary

disclosures clearly, conspicuously or in meaningful sequence; (2) accurately state the amount of the finance charge; (3) accurately state the annual percentage rate; and (4) provide a duplicate copy of the disclosure statement to the Debtors.

Based on the entire record, and for the reasons stated in the Trustee's Memorandum of Law, I find for the Trustee as to allegations (2), (3), and (4) of his complaint. The Trustee has failed to satisfy the burden of proof regarding allegation (1), and as to that item, I conclude that there is no violation.

Also, based on the evidence, I make the specific finding of fact that the boxes checked, indicating acceptance of credit life insurance and credit health and accident insurance, on the original copy of the loan disclosure statement, Defendant's Exh. No. 2, but not the Debtors' copy, Trustee's Exh. A, were marked by Associates *after* the Debtors signed and returned the original to the lender.

Violation of any disclosure requirement mandates that damages be assessed against the creditor. 15 U.S.C. § 1640. Accordingly, damages are assessed in the amount of $1,000.00 as to each Debtor,[1] plus interest, costs, and reasonable attorney's fees. *See Boyajian v. Associates Financial Services (In re Sherman)*, 13 B.R. 259 (Bkrtcy.D.R.I. 1981). The attorney for the Trustee shall file his application for costs and attorney's fees within ten days. The Defendant should request a hearing within ten days thereafter if it desires to question the reasonableness of said application.

---

1. The Truth in Lending Act requires that damages be awarded in the amount of twice the finance charge, except that liability shall not be less than $100.00 nor greater than $1,000.00. 15 U.S.C. § 1640(a)(2)(A)(i). Here, the finance charge amounts to $699.46. It is with reluctance that I award damages to each Debtor, but feel constrained to do so because of *Tarplain v. Baker Ford, Inc.*, 466 F.Supp. 1340 (D.R.I.1979), reversed on other grounds, 618 F.2d 94 (1st Cir. 1980).