Michael **SAUNDERS**, Plaintiff,

v.

**AMERITRUST OF CINCINNATI,**
**Defendant.**

**No. C-1-83-1548.**

United States District Court,
S.D. Ohio, W.D.

June 14, 1984.

Steven M. Rothstein, Cincinnati, Ohio, for plaintiff.

John W. Hust, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter came on for consideration of cross-motions for summary judgment: defendant's motion for summary judgment (doc. 13), plaintiff's memorandum in opposition and cross-motion (doc. 16), and defendant's reply (doc. 18). For reasons that follow, we find that 15 U.S.C. §§ 1637(b), 1666(b)(6), and 1666a, all of which are included in the Truth-in-Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.*, create a cause of action against a creditor who reports to a credit bureau that an account is delinquent after the debtor has paid the account in full. Accordingly, we find that defendant's motion for summary judgment should be denied. Further, because the parties vigorously dispute whether defendant continued to report plaintiff's account as delinquent, we conclude that plaintiff's motion for summary judgment must also be denied.

The undisputed facts are as follows: Defendant extended installment credit to plaintiff Michael Saunders by issuing him a VISA card. When Saunders' account became delinquent in 1980, defendant instituted collection proceedings. Plaintiff agreed to and abided by a payment schedule until the summer of 1981. At that point, defendant commenced delinquency collection proceedings in the Hamilton County Municipal Court to recover the balance of $272.10. In September 1981, plaintiff arranged to pay the balance. In February 1982, the state court entered an entry of dismissal without prejudice for want of prosecution. In April 1982, in response to his phone call, plaintiff received a letter from the law firm engaged by defendant to handle the collection effort, stating that plaintiff's account had been paid in full. It is also undisputed that, as late as 1983, the records of the Cincinnati Credit Bureau showed that plaintiff owed defendant Ameritrust $740, and that plaintiff's last payment on this account was in September 1980.

The essence of plaintiff's complaint is that defendant continued to report his account as delinquent to the Credit Bureau of Cincinnati, without sending him a periodic statement. Plaintiff asserts that defendant's conduct amounts to a violation of 15

U.S.C. § 1637(b), a billing error in violation of 15 U.S.C. § 1666(b)(6), and a violation of 15 U.S.C. § 1666a. Plaintiff reads these sections as imposing a duty on a creditor to transmit periodic statements to an obligor if it continues to report an account as delinquent once such an account has been paid in full. Plaintiff also asserts a pendent claim for defamation.

Although it vigorously disputes having continued to report plaintiff's account as delinquent, defendant accepts plaintiff's allegations as true for purposes of its own motion only. Defendant contends that even if it did continue to report plaintiff's account as delinquent, neither § 1637 or § 1666 gives the plaintiff a cause of action and concludes that it is, therefore, entitled to judgment as a matter of law.

It argues that it had no obligation to send periodic statements once collection proceedings were instituted, relying on Rev.Reg. Z § 226.5(b)(2)(i). Without a billing statement, there can be no billing error within the meaning of § 1666, in defendant's view. Finally, defendant points out that § 1666a's bar against a creditor's reporting to third parties that an amount is delinquent is triggered only if the creditor receives written notice of an alleged billing error from the obligor. It is undisputed that plaintiff did not send such written notice to defendant.

We start with Congress' statement that a purpose of the Truth in Lending Act is "to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). It is well-settled that the TILA is to be liberally construed in favor of the consumer. *Davis v. Werne*, 673 F.2d 866, 869 (5th Cir.1982); *Bizier v. Globe Financial Services, Inc.*, 654 F.2d 1, 3 (1st Cir.1981).

Section 1637(a) sets out what a creditor must initially disclose before opening an open-end consumer credit account like the VISA accounts offered by defendant. Plaintiff does not challenge defendant's disclosure practices. Subsection (b) enumerates the items that must be included in the periodic statement that the creditor must provide to the obligor at the end of each billing cycle. Rev.Reg. Z § 226.-5(b)(2)(i) provides that no periodic statement need be sent "if delinquency collection proceedings have been instituted."

Section 1666 sets out the mechanisms by which an obligor is to notify a creditor of a billing error, and the steps a creditor must take once it receives notice of such a billing error. "Billing error" is defined to include the failure to transmit a required periodic statement. Section 1666(b)(6).

Section 1666a governs reports by a creditor to third parties regarding an obligor's failure to pay an amount regarded by the obligor as a billing error. Once the creditor receives written notice of an alleged billing error, it may not report the disputed amount to a third party as delinquent until complying with the steps set out in § 1666(a)(2) and allowing the obligor the same amount of time, but no less than ten days, to make payment. Section 1666a(a).

▪ Defendant asserts that Rev.Reg. Z § 226.5(b)(2) relieved it absolutely of the duty to provide periodic statements once it instituted collection proceedings. We agree, but only insofar as the relief goes to the original delinquent account. Once that account was paid in full continuing to report it as delinquent was the equivalent of creating a second—and new—claim against the obligor. Stated differently, the creditor's act of erroneous reporting creates a new account, and that new account gives rise to the statutory duty to provide the obligor with periodic statements pursuant to § 1637.

To hold otherwise would run counter to the TILA's stated purpose of protecting consumers against inaccurate and unfair credit billing and practices. 15 U.S.C. § 1601(a). The factual situation alleged by plaintiff, if true, clearly constitutes an inaccurate and unfair credit-card practice. Common sense tells us that such inaccurate reporting can be far more devastating to the consumer than mere inaccurate and unfair billing. Consumers have a method for ascertaining that they have been inac-

curately billed. They cannot know that they are erroneously reported as delinquent unless they have reason to check the credit bureau's records.

■ Having concluded that defendant was under an obligation to provide periodic statements, assuming, of course, that it in fact reported plaintiff's account as delinquent after September 1981, then the failure to provide periodic statements is a billing error. Section 1666(b)(6). Section 1666a and Rev.Reg. Z § 226.13 set out the procedure for resolving billing errors. Both the statute and the regulation require the obligor to give written notice of the alleged error to the creditor as a prerequisite to resolution. Both prohibit a creditor from reporting a disputed amount as delinquent to a third party once it has received such written notice. However, neither the statute nor the regulation explains how an obligor reports a billing error in the form of a failure to receive a periodic statement where he is unaware that he should receive a bill and, indeed, reasonably expects not to receive a periodic statement because he paid the original delinquent account in full.

■ It is impossible to give written notice of an error of which one is unaware. The only way in which §§ 1637, 1666(b)(6), and 1666a can be read consistently with one another and with the overriding purpose of the TILA is to conclude that a creditor who reports to a third party that an account which is in fact satisfied is delinquent and fails to send a periodic statement is liable to the obligor. Under these circumstances, the creditor is precluded from reporting to a third party that an account is delinquent, even in the absence of written notice from the obligor.

We find further support for our conclusion in § 1666a(c). That section requires a creditor to report any subsequent resolution of a disputed delinquency to any third parties to whom it had given notice of the disputed delinquency pursuant to § 1666a(b). *See also* Rev.Reg. Z § 226.-13(g)(4). In other words, the burden is on the creditor to provide the third party with correct information in the case of disputed delinquencies. In the instant case, accepting plaintiff's allegations as true, the delinquency was created by the creditor and thus, it is appropriate to hold the creditor liable.

■ We hold, therefore, that an obligor has a cause of action against a creditor pursuant to §§ 1637, 1666(b)(6), and 1666a where the creditor reports to a credit bureau that an account is delinquent after the account has been paid in full. Defendant's motion for summary judgment is accordingly denied.

■ Finally, in answer to plaintiff's motion for summary judgment, defendant vigorously contests whether it continued to report plaintiff's account as delinquent after September 1981. This is an issue that must be resolved at trial. Accordingly, we find that plaintiff's motion for summary judgment must be and hereby is denied.

SO ORDERED.