EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a truth-in-lending case.
The essential facts of the case are as follows. Plaintiff, The Citizens Bank, loaned $3,879.36 to defendant Qualls who executed a promissory note to the Bank for the loan amount.
The Bank admits it did not intend to create a security interest in any of Qualls’s property for the purpose of securing repayment of the note. Qualls states she was not requested to, nor did she, grant the Bank a security interest in her property. In short, both parties agree that their intention was that the note be unsecured.
However, the Bank used the following language in the note:
“Security: I am giving a security interest in [x] (brief description of other property) PERSONAL.”
*1040 Qualls defaulted on the note, and judgment was entered against her for its outstanding balance. That particular aspect of the case is not an appellate issue. Qualls, however, counterclaimed, and the issue presented to us on appeal involves that counterclaim.
Qualls asserts that the Bank violated 15 U.S.C. § 1638(a)(9) (1982), which mandates disclosure of property subject to a security interest, by not accurately disclosing what property was subject to a security interest. In short, she contends that the Bank’s disclosure that it had a security interest that it did not actually have violates this provision. Consequently, Qualls requests an award of the statutory penalty allowable for violations of the Truth-in-Lending Act. 15 U.S.C. §§ 1638(a)(lH13) (1982) (the Act).
In Irvin v. Public Finance Co., 340 So.2d 811 (Ala.Civ.App.), cert. denied, 340 So. 2d 815 (Ala.1976), this court succinctly summarized the purposes of the Act:
“Courts have taken to heart the purpose of the Act, stating both that it is to be liberally construed in favor of the consumer, Hannon v. Security Nat. Bank, 537 F.2d 327 (9th Cir.1976); Sellers v. Wollman, 510 F.2d 119 (5th Cir.1975); Gerasta v. Hibernia Nat. Bank, 411 F.Supp. 176 (E.D.La.1975); Allen v. Beneficial Finance Co., 393 F.Supp. 1382 (N.D.Ind.1975), and also that it is to be strictly enforced. Redhouse v. Quality Ford Sales, Inc., 511 F.2d 230 (10th Cir.1975); Powers v. Sims and Levin Realtors, 396 F.Supp. 12 (E.D.Va.1975).
“In a similar vein, numerous instances exist where the court, though stating that the violation is somewhat technical in nature, declares that the lender has not complied with the strict terms of the Act and is therefore liable for the penalty provided therein. Pennino v. Morris Kirschman & Co., 526 F.2d 367 (5th Cir.1976); Powers, supra. In short, the Act ‘reflects a [transition] in Congressional policy from a philosophy of “let-the-buyer-beware” to one of “let-the-seller-disclose.” ’ Allen, supra, at 1384.”
Although this particular question presents us with an issue of first impression in Alabama, we are not without guidance on the matter. When a decision by a federal appellate court is issued on a federal question, that decision is ordinarily binding on Alabama state courts, absent a United States Supreme Court decision. Hagler v. Ford Motor Credit Co., 381 So.2d 80 (Ala.Civ.App.1980).
We have examined the federal cases concerning what constitutes a violation of the Act and find that the case of Bizier v. Globe Financial Services, Inc., 654 F.2d 1 (1st Cir.1981) is controlling. In that case, the court opined why an over-broad description of secured property is a violation of the Act:
“[It] cannot be dismissed as de minimis or hypertechnical because it might well have an adverse impact on borrower in either of two distinct ways: by deterring future borrowing or property acquisition out of an exaggerated belief in the security interest to which they would be subject, or by giving a lender an apparent right which, even if ultimately unenforceable, could serve as a significant bargaining lever in any future negotiations concerning rights or obligations under the loan.”

Bizier.

Although not raised by the Bank, we nonetheless note that 15 U.S.C. § 1640(c) (1982) provides a defense to creditors who make bona fide errors. The defense, however, has been consistently limited to clerical errors. We are of the opinion that the failure to accurately disclose the security interest created by the loan is not clerical in nature. Consequently, even if raised, we would not extend this defense to the Bank. See, In re Sherman, 13 B.R. 259 (Bankr.D.R.I.1981).
That portion of the court’s judgment denying Qualls’s counterclaim is, consequently, reversed and its judgment shall be amended to award the statutorily prescribed penalty for violation of the Act.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the *1041 provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.