Karpinski v. CFX Mortgage          CV-97-443-JD  10/20/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Peter Karpinski

    v.                                              Civil No. 97-443-JD

CFX Mortgage

**O R D E R**

    Pro se plaintiff Peter Karpinski has brought suit against CFX Mortgage ("CFX") alleging that CFX "willfully and maliciously destroyed Plaintiff's good credit by reporting false and inaccurate information to the credit bureaus . . . thus causing the loss of business and credit for Plaintiff" in violation of The Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j.  (Document no. 1, and civil cover sheet). The complaint is before me pursuant to LR 4.3(d)(1) to determine whether this court has subject matter jurisdiction over the action.  For the reasons stated below, I find that this court has subject matter jurisdiction.

    In reviewing a pro se complaint, a district court is obligated to liberally construe the pleading, "however inartfully pleaded." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976); Simmons v. Dickhaut, 804 F.2d 182, 184 (1st Cir. 1986).  The intention of this solicitous review is to insure that pro se pleadings are given "fair and meaningful" consideration. Matzker v. Herr, 748 F.2d 1142, 1146 (7th Cir.

1984); see also Eveland v. Director of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988) (pro se status requires a court to hold pleadings to a less stringent standard than pleadings drafted by attorneys). If, during the course of a court's solicitous review, "there is any foundation of plausibility to the federal claim [then] federal jurisdiction exists . . .." 13B Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 2d § 3564 (2d ed. 1984).

Here, Plaintiff's very slender complaint alleges a violation of The Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666-1666j. FCBA is a portion of the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. Taking the plaintiff's allegations as true, defendant's actions may constitute a violation of FCBA, since reporting "false and inaccurate information to [] credit bureaus" would run afoul of 15 U.S.C. § 1666a, which regulates the circumstances under which a creditor may report an obligor as delinquent to a third party. A violation of FCBA creates a cause of action in the federal courts. See Saunders v. Ameritrust of Cincinnati, 587 F. Supp. 896 (S.D. Oh. 1984) (consumer has cause of action against creditor under 15 U.S.C. §§ 1637, 1666 and 1666a where creditor reports to credit bureau that consumer's account is delinquent after account has been paid in full and where creditor fails to send periodic statements to consumer).

2

This is, therefore, an action arising under the laws of the United States, and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Consequently, I find that plaintiff has properly invoked this court's subject matter jurisdiction. The Clerk's Office is ordered to issue plaintiff the necessary summonses, see LR 4.3(d)(1), and Mr. Karpinski is authorized to effectuate service of process, within 120 days, in accordance with Fed. R. Civ. P. 4. Service shall include copies of the complaint (document no. 1) and of this order. Defendants shall then answer or otherwise plead within 20 days from the date of service. See Fed. R. Civ. P. 12(a)(2).

Mr. Karpinski is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice and similar paper be served on defendants, which service shall be made by mailing the document to the defendants' attorney(s).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   October 20, 1997

cc:     Peter Karpinski, pro se

3