[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Marcia Tracey, appeals the dismissal by the defendant Commission on Human Rights and Opportunities ("CHRO") of her employment discrimination complaint against her former employer, defendant Yale-New Haven Hospital ("Yale"). This appeal is brought pursuant to General Statutes § 46a-94a[1] and the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-183.
The plaintiff, in her complaint to CHRO alleged that Yale terminated her employment as a Central Sterile Supply Technician because of her sex, physical disabilities and pregnancy in violation of General Statutes §§ 46a-60(a)(1) and 46a-60(a)(7) as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e
et seq.
The plaintiff's employment at Yale commenced on January 19, CT Page 2291 1993 and she was notified of the termination of such employment on August 19, 1996. She filed a complaint with CHRO on February 18, 1997. The complaint, pursuant to § 46a-83(b), was assigned to a CHRO investigator. Yale answered the complaint on March 27, 1997, denying discrimination and documenting the plaintiff's inability to perform the essential functions of her job as the reason for the plaintiff's termination.
The CHRO investigator after an initial merit assessment review in accordance with § 46a-83(b) determined that further investigation was warranted. CHRO elected, pursuant to §46a-83(c), to conduct a fact finding conference relating to the plaintiff s complaint. The conference was held on November 3, 1997. The investigator reviewed the evidence available after the conference and concluded that there was no reasonable cause to believe that employment discrimination had taken place. The investigator circulated a draft summary of such conclusions to the parties on January 22, 1998. Return of Record ("ROR"), pp. 158-162.) The plaintiff provided commentary on the draft summary. (ROR, p. 20.) The investigator pursuant to § 46a-83(d) considered the commentary (ROR, p. 8) but maintained that no reasonable cause existed to believe Yale discriminated against the plaintiff. In its February 10, 1998 dismissal of the complaint and summary of findings, the CHRO determined that the plaintiff was terminated by Yale because her overall work performance was unsatisfactory and she was unable to perform the essential functions of her job.
The plaintiff filed this appeal on March 27, 1998. The record was filed on July 8, 1998. Briefs were filed by the plaintiff on August 24, 1998, Yale-New Haven on September 29, 1998 and the CHRO on November 23, 1998. The parties were heard in oral argument on February 17, 1999.
The plaintiff in her appeal attacks the substantive bases of the CHRO decision and procedurally the absence of an opportunity for cross examination of witnesses during the fact finding conference. The Court finds the issues for the defendants.
The plaintiff's evidentiary claims are determined in accordance with the substantial evidence rule.
The court's "review of an agency's factual determination is constrained by General Statutes § 4-183(j), which mandates that a court shall not substitute its judgment for that of the CT Page 2292 agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probate, and substantial evidence on the whole record. . . . This limited standard of review dictates that, with regard to questions of fact, it is neither the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. . . . An agency's factual determination must be reasonably supported by substantial evidence in the record taken as a whole. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . . The burden is on the plaintiffs to demonstrate that the [agency s] factual conclusions were not supported by the weight of substantial evidence on the whole record. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) New England Cable Television Association v. Departmentof Public Utility Control, 247 Conn. 95, 117 (1998).
Yale provided detailed evidence of the plaintiff's continued attendance problems and physical inability to perform the essential job function. The plaintiff, after her initial three month employment review, was evaluated as "barely meeting expectations" (ROR, p. 192) and having poor attendance (ROR, p. 213). Shortly after the initial evaluation on December 14, 1993, the plaintiff received a Final Written Warning for leaving work early and falsifying her time records. (ROR, p. 187.) The plaintiff was also rarely available for full time duty as a result of pain for which no clear medical basis existed.
Ms. Hunt who supervised the plaintiff was affected with terminal cancer and died in 1996. Ms. Hunt had reprimanded the plaintiff while she supervised her. Mr. Ledeier who assumed supervision of the Central Sterile Supply department in 1996 attempted to encourage the plaintiff to return to regular full time duty. When these efforts proved unsuccessful, the plaintiff was placed on medical leave on May 20, 1996 and replaced.
The plaintiff did not have her child until August 15, 1996. There is no evidence that her pregnancy was in any way related to CT Page 2293 the termination decision. The time sequence alone is not sufficient evidence, especially when the employer presents substantial evidence that valid nondiscriminatory explanations for the termination exist. Gonzalez v. Bulger, 486 F. Sup. 595
(D.D.C. 1980); Payne v. McLemore's Wholesale Retail Stores,654 F.2d 1 130 (5th Cir. 1981), cert. denied, 455 U.S. 1000,102 S.Ct. 1630, 71 L.Ed.2d 866 (1982).
The record contains more than substantial evidence to support the finding that there was no reasonable cause to believe employment discrimination had occurred.
The plaintiff cites no authority for her claim that she must be afforded an opportunity for cross examination at the fact finding conference.
The decisions under § 46a-83(b), the merit assessment review, and § 46a-83(c), the fact finding, are not final decisions after a hearing. They are reviewable under the UAPA only as required by § 46a-94a. The time parameters established under § 46a-83 (Public Act 1994, No. 94-238) prohibit a full hearing at these steps of investigation. The legislature clearly did not intend that all employment discrimination cases proceed to a full hearing. A cross examination right at these preliminary stages of investigation is not constitutionally or statutorily mandated. Our Supreme Court has noted that the purpose of the reasonable cause determination is to protect the respondents from having to go through the hearing process in every case. Defraine v. Commission on HumanRights and Opportunities, 236 Conn. 250, 261-62 (1996); Adrianiv. Commission on Human Rights and Opportunities, 220 Conn. 307,317 (1991) (Adriani, I.); Waterbury v. commission on Human Rightsand Opportunities, 160 Conn. 226, 235 (1971).
The process afforded the plaintiff meets the standard for fundamental fairness in administrative proceedings. Grimes v.Conservation Commission, 243 Conn. 266, 273 n. 1 1 (1997). The plaintiff, though not enjoying cross examination rights, was afforded the opportunity to comment on the draft findings and actively participated in the investigation. See General Statutes § 46a-84(d). The fact finding notice given the plaintiff specifically alerted her to the CHRO willingness in assisting her in securing the testimony of witnesses and production of documents. (ROR, p. 131.) CT Page 2294
The decision is affirmed and the appeal is dismissed.
Robert F. McWenny, J.