**In the Matter of Donald L. DINGLEDINE, Debtor–Appellant.**

**No. 89–2222.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1990.

Decided Oct. 19, 1990.

Gregory S. Bell, Sutkowski & Washkuhn, Peoria, Ill., for appellee.

James S. Brannon, Peoria, Ill., for debtor-appellant.

Before CUDAHY and COFFEY, Circuit Judges, and SHARP, Chief District Judge.*

COFFEY, Circuit Judge.

Donald L. Dingledine appeals an order of the district court reversing the bankruptcy judge's decision in favor of Dingledine's claim that General Finance Corporation (GFC) violated the disclosure statement requirements of the Truth–in–Lending Act (TILA), 15 U.S.C. § 1640(a)(2) and (3), when GFC described its security interest in Dingledine's personal property as being in "certain household items." 118 B.R. 631. The judgment of the district court that a ten-speed bicycle and fishing equipment are sufficiently described under the TILA disclosure requirements by the phrase "certain household items" is affirmed.

---

* Allen Sharp, Chief Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

## I.

The parties on appeal stipulated the relevant facts. We adopt the bankruptcy judge's summary of the facts as follows:

"On January 20, 1986, the debtor entered into a loan contract with the plaintiff. The loan was refinanced on August 29, 1986, and November 16, 1987. At the time of the original loan and each refinancing, the debtor gave the plaintiff a non-purchase money security interest in the certain items of personal property. The security agreement executed by the debtor described the security for the loan as being:

'camera, fishing equipment, bicycle, hoses, portable grill, cassette recorder/player, radio, VCR[.]'

The Federal Truth–in–Lending Disclosure Statement given to the debtor indicated that the plaintiff was taking a security interest in 'Certain Household Items'. The security listed on the Security Agreement was selected from an Appraisal form, which the debtor recalls going through with a representative of the plaintiff for the purpose of securing the loan. On November 16, 1987, when the debtor refinanced the loan, he was aware that the term 'Certain Household Items' as used by the Disclosure Statement referred to the items listed on the Security Agreement and that he was giving a security interest in those items as security for the renewal loan.

"The debtor subsequently filed a Chapter 7 proceeding, and in that proceeding he filed a motion to avoid the non-purchase money security interest pursuant to Section 522(f) of the Bankruptcy Code, 11 U.S.C., Section 522(f). The plaintiff was given 15 days to object to that motion. When no objection was filed, an order was entered setting aside the security interest pursuant to the provisions of Section 522(f). The plaintiff then filed a Complaint to Determine the dischargeability of the Debt, alleging that the debt should not be discharged pursuant to Section 523(a)(2), 11 U.S.C., Section 523(a)(2), as the debtor had given the plaintiff a false financial statement. In response, the debtor counterclaimed, alleging a violation of Truth–in–Lending. The original complaint filed by the plaintiff was dismissed, and the case proceeded on the debtor's counterclaim, based upon stipulated facts."

Section 130(a)(2) and (3) of TILA imposes the following civil liability on creditors who violate the statutory requirements:

"(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person in an amount equal to the sum of—

\*        \*        \*        \*        \*        \*

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction ... except that the liability under this subparagraph shall not be less than \$100 nor greater than \$1000; ...

\*        \*        \*        \*        \*        \*

(3) in the case of any successful action to enforce the foregoing liability ... the costs of the action, together with a reasonable attorney's fee as determined by the court.

... In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the 'amount financed'), (3), (4), (5), (6), or (9) of section 1638(a) of this title...."

15 U.S.C. § 1640(a)(2) and (3). Section 128(a)(9) of TILA sets forth the disclosure requirement that GFC was required to meet:

"Where the credit is secured, a statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by *item or type*."

15 U.S.C. § 1638(a)(9) (emphasis added). Section 226.18 of Regulation Z provides the applicable regulation:

"For each transaction, the creditor shall disclose the following information as applicable:

* * * * * *

(m) *Security interest.* The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by *item or type."*

12 C.F.R. § 226.18 (emphasis added). The bankruptcy judge decided that "certain household items" failed to adequately identify a "type" of property encompassing a ten-speed bicycle and fishing equipment because those items are not "used to operate or maintain the household where the debtor resides." He based the decision on the bankruptcy court's prior definition of "household goods" in section 522(f) of the Bankruptcy Code, 11 U.S.C. § 522(f). In order for a bicycle or fishing equipment to be properly identified, the bankruptcy judge required that the items be described more specifically than "certain household items" because fishing equipment is used for recreational purposes and a bicycle may be used for either recreation or transportation; neither are used in the "household." The bankruptcy judge thus awarded Dingledine $1,000 plus attorneys' fees for GFC's violation of TILA. Holding that " 'certain household items' is a sufficient disclosure 'by type' of the creditor's security interest in fishing equipment and a bicycle," the district court reversed.

## II.

Regulation Z, section 226.18(m) requires that a creditor disclose "[t]he fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by *item or type."* (Emphasis added). The official commentary to this regulation says,

"In nonpurchase money transactions, the property subject to the security interest must be identified by item or type. This disclosure is satisfied by a general disclosure of the category of property subject

to the security interest, such as 'motor vehicles,' 'securities,' 'certain household items,' or 'household goods.' (Creditors should be aware, however, that the federal credit practices rules, as well as some state laws, prohibit certain security interests in household goods.) At the creditor's option, however, a more precise identification of the property or goods may be provided."

12 C.F.R. § 226, Supp. 1, ¶ 18m–2.

Dingledine argues that a bicycle and fishing equipment are not adequately defined as "certain household items" or "household goods" and that items classified as "household goods" should have the same meaning in the TILA arena as in section 522(f) of the Bankruptcy Code. Under the Bankruptcy Code, "household goods" are defined in specific language in order that it might prevent insolvent debtors from avoiding liens on personal items of property other than those essential for the day-to-day operation of a household. Dingledine argues that he is entitled to a "level playing field" that would give him the benefit of that narrow definition in TILA because it harms him under the Bankruptcy Code.[1] In response, GFC argues that "household goods" should be given a broader meaning in TILA cases.

No court has previously addressed the issue of whether the meaning of "household goods" is the same under TILA and the Bankruptcy Code, and we need not reach the issue herein. The GFC disclosure statement identified the security interest as being in "certain household items," *not* "household goods." Thus, because our task is to determine whether a bicycle and fishing equipment fall within the meaning of "certain household items," the issue of whether "household goods" carries the same meaning in TILA and section 522(f) of the Bankruptcy Code is not properly before us.

Likewise, no court has considered the meaning of "certain household items" under TILA. We do reach the issue of the

---

1. This argument is disingenuous considering that Dingledine used section 522(f) to set aside GFC's security interest in the bicycle and fishing equipment. Rather than a "level playing field," he wants one slanted in his favor.

meaning of "certain household items," and we hold that it is a category different and apart from "household goods" because the official commentary to Regulation Z, section 226.18(m) lists the two terms as separate categories. Thus, the specialized meaning of "household goods" under section 522(f) of the Bankruptcy Code is not interchangeable and should not be attributed to "certain household items."

Congress has demonstrated an unmistakable intention to "treat administrative rule making and interpretation under TILA as authoritative." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 567–68, 100 S.Ct. 790, 797–98, 63 L.Ed.2d 22 (1980) (the holding that TILA does not require disclosure of acceleration clauses was based on administrative interpretation of 12 C.F.R. 226.8(b)(7)). The official comment to Regulation Z, section 226.18(m), is an authoritative interpretation of the statute and the regulation. The official comment states that a disclosure requirement is satisfied by "*general* disclosure of the *category* of property subject to the security interest." (Emphasis added). This is a far cry from the requirement of a specific disclosure of a specific category, such as "recreational items," that the bankruptcy judge would have us require. Instead, the commentary lists four examples of categories that would pass muster under the general disclosure requirement. The penultimate category, "certain household items," is separated from the final category, "household goods," by a comma, thus indicating that they are separate and distinct categories. The parenthetical that warns creditors "that the federal credit practices rules as well as some state laws, prohibit certain security interests in *household goods*" (emphasis added) also demonstrates that "certain household items" and "household goods" are distinct categories. The omission of a reference to "certain household items" in the parenthetical indicates that the Federal Reserve Board did not view "certain household items" and "household goods" as one category. From our reading of the bankruptcy judge's ruling, we are of the opinion that he overlooked the distinction between these two categories as he repeatedly quoted the comment without the comma as if "certain household items" and "household goods" were one and the same. Nonetheless, it is clear from the comment to Regulation Z that these are two separate and distinct categories. Thus, they must be given different meanings.

"Certain household items" is of a more generalized nature than "household goods" under section 522(f) of the Bankruptcy Code. It is sufficiently general in nature to put the consumer on notice that the disclosure statement is disclosing only the fact of a security interest in the consumer's property, not the specific property covered by the security interest. The consumer must look to the security agreement to ascertain the exact items securing the loan. The Federal Reserve Board certainly contemplated this result when it decided to allow the disclosure to identify the property by a "general disclosure of the category of property...." While a more specific description of categories or a more detailed description of property certainly is possible, the commentary leaves that to the discretion of the creditor.

TILA section 130(f), 15 U.S.C. § 1640(f), exempts creditors from TILA sanctions in regard "to any act done or committed in good faith in conformity with any rule, regulation, or interpretation thereof by the Board...." GFC's disclosure that Dingledine had given GFC a security interest in "certain household items" conforms with the Federal Reserve Board's interpretation of section 128(a)(9) of TILA in the official commentary to Regulation Z, section 226.-18(m). The district court's order reversing the bankruptcy court's ruling is

AFFIRMED.