In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4056

FRANK J. SZUMNY,

Plaintiff-Appellant,

v.

AMERICAN GENERAL FINANCE,
INCORPORATED and AMERICAN SECURITY
INSURANCE COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CV 439--Wayne R. Andersen, Judge.

Argued September 6, 2000--Decided April 13, 2001

Before CUDAHY, COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.  Frank Szumny brought this action against American General Finance, Inc. ("AGFI") on behalf of a putative class. He alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. sec. 1601 et seq.; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.; and the Illinois Consumer Installment Loan Act, 205 ILCS 670/1 et seq. The district court dismissed Mr. Szumny's suit for failure to state a claim under TILA. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

I
BACKGROUND
A.

The district court dismissed this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We must, therefore, take all facts alleged in the complaint, and any inferences that might be reasonably drawn from those factual allegations, in the light most favorable to the plaintiff. See Autry v. Northwest Premium Servs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). A "complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B.

Mr. Szumny signed a consumer loan note with AGFI in April 1998. The loan of $1,135.05 carried a finance charge of $408.95 and an annual percentage rate of 27.99%. In the disclosure statement provided to Mr. Szumny pursuant to TILA, AGFI disclosed a security interest, described as "Home Office Equip, TV/Video/Audio Equip, Pool/Patio Equip." R.22, Ex.D.

AGFI requires that its customers purchase personal property insurance to protect the secured collateral. This coverage may be purchased either through AGFI and financed under the contract, or it may be obtained from another insurer. Mr. Szumny elected to purchase the requisite insurance from AGFI, through American Security Insurance Co. ("ASIC")./1 AGFI acted as ASIC's agent for purposes of the sale. The insurance premium was $52.08; AGFI, as the creditor, was named the primary loss payee on the policy.

C.

On January 26, 1999, Mr. Szumny filed a class action complaint against AGFI. He sued on behalf of a putative class for violations of TILA, the Illinois Consumer Fraud and Deceptive Practices Act, and the Illinois Consumer Installment Loan Act.

More precisely, Mr. Szumny alleged that AGFI's description of the collateral was inadequate to constitute a security interest under state law; the description was not sufficiently specific, and it impermissibly encompassed various household goods. He argued, moreover, that AGFI required consumers to create security interests in its favor only as a subterfuge to sell insurance on the underlying collateral. Although he acknowledged that he was not required to purchase insurance through AGFI, Mr. Szumny nevertheless contended that AGFI knew that its description of the security interest was inadequate and that it never intended to enforce the interest. AGFI therefore violated TILA, Mr. Szumny asserted, by claiming on the disclosure form a security interest it did not possess under state law.

Mr. Szumny also contended that, because AGFI did not possess a valid security interest in his

property, it was required to include the cost of the insurance premium in the finance charge and annual percentage rate figures. In his view, including the amount of the insurance premium within the amount financed violated TILA.

The district court dismissed with prejudice the TILA claim for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), and then dismissed without prejudice the supplemental state law claims. We shall set forth in more detail the reasoning of the district court in our discussion of each of the issues presented to us on appeal.

II
DISCUSSION
A.  TILA Disclosure Requirements

Mr. Szumny maintains on appeal that state law should govern the adequacy of disclosure of security interests under TILA, just as it controls the adequacy of disclosure when security interests are created under Illinois' Uniform Commercial Code. Specifically, Mr. Szumny contends that AGFI's description of the collateral underlying the security interest was not sufficiently detailed; it did not delineate with the required precision the encumbered property. Thus, he concludes, no security interest exists, and a violation of TILA arises because AGFI has described a security interest that it does not possess.

In rejecting Mr. Szumny's claim, the district court, relying on our decision in In re Dingledine, 916 F.2d 408 (7th Cir. 1990), determined that AGFI had complied with TILA's requirement that security interests in property be described by item or type. See 15 U.S.C. sec. 1638(a)(9). The district court explained that courts have been "loath" to apply state requirements and federal requirements from other federal regulatory schemes to TILA disclosure rules. R.40 at 5. Although recognizing that state law may give debtors different, even better, protections with respect to the required description of collateral, the court cautioned that such requirements should not be confused with the TILA requirement that the property subject to the security interest be accurately described for purposes of advising the debtor of his rights under TILA. The district court, therefore, took the view that TILA does not require perfect congruence between the description of security interests required by state law and that required by TILA.

The district court was correct. TILA mandates that lenders disclose, in statements to

consumers, property subject to security interests by "item or type." 15 U.S.C. sec. 1638(a)(9). Regulation Z, promulgated by the Federal Reserve Board to implement TILA, similarly instructs creditors to include in their disclosures descriptions of security interests by item or type. The regulation provides that:

> For each transaction, the creditor shall disclose the following information as applicable: . . . . (m) Security interest. The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type.

12 C.F.R. sec. 226.18(m). Because the Federal Reserve Board is the agency charged with TILA's administration, we accord its regulation deference. See Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 566 (1980) (explaining that the Court "has often repeated the general proposition that considerable respect is due the interpretation given [a] statute by the officers or agency charged with its administration. . . . This traditional acquiescence in administrative expertise is particularly apt under TILA, because the Federal Reserve Board has played a pivotal role in setting [the statutory] machinery in motion. . . .") (internal quotations omitted).

The official commentary to Regulation Z, also instructive here, has been regarded as an "authoritative interpretation" of TILA and Regulation Z by this court. In re Dingledine, 916 F.2d at 411. The commentary echoes the "item or type" requirement, explaining that:

In nonpurchase money transactions, the property subject to the security interest must be identified by item or type. This disclosure is satisfied by a general disclosure of the category of property subject to the security interest, such as "motor vehicles," "securities," "certain household items," or "household goods." (Creditors should be aware, however, that the Federal credit practices rules, as well as some state laws, prohibit certain security interests in household goods.) At the creditor's option, however, a more precise identification of the property or goods may be provided.

12 C.F.R. Pt. 226, Supp. I, sec. 226.18(m)(2) (emphasis supplied).

Thus, because TILA and the regulation promulgated to implement it require only a general description of a category of property, AGFI's description of "Home Office Equip, TV/Video/Audio Equip, Pool/Patio Equip." passes

muster. Indeed, in Dingledine, 916 F.2d at 411, we recognized that TILA's disclosure requirements were designed to give adequate notice to the debtor of the existence of security interests under state law so that the debtor could further investigate, by reference to the documents required by state law, the specific contours of that security interest:

[The description at issue] is sufficiently general in nature to put the consumer on notice that the disclosure statement is disclosing only the fact of a security interest in the consumer's property, not the specific property covered by the security interest. The consumer must look to the security agreement to ascertain the exact items securing the loan. The Federal Reserve Board certainly contemplated this result when it decided to allow the disclosure to identify the property by a "general disclosure of the category of property. . . ." While a more specific description of categories or a more detailed description of property certainly is possible, the commentary leaves that to the discretion of the creditor.

Id.

We note that this general disclosure requirement is compatible with TILA's consumer-protection purpose. TILA was enacted to assure a "meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. sec. 1601(a); see also Gibson v. Bob Watson Chevrolet-Geo, Inc., 112 F.3d 283, 285 (7th Cir. 1997) (explaining that TILA's purpose is to "protect consumers from being misled about the cost of credit"). TILA is a disclosure statute; it does not regulate substantively consumer credit but rather "requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction." Valencia v. Anderson Bros. Ford, 617 F.2d 1278, 1282 (7th Cir. 1980), rev'd on other grounds, 452 U.S. 205 (1981). "A creditor's substantive rights are still governed by state law; federal law merely classifies those rights for disclosure purposes." Id. at 1285./2

Smith v. Cash Store Management, Inc., 195 F.3d 325 (7th Cir. 1999), illustrates in a particularly graphic way the different roles played by state law governing security interests and TILA--a difference that explains the lack of absolute congruence between a state definition of a security interest and a security interest for purposes of TILA. In Smith, the lender indicated in its TILA disclosure statement that "[the

consumer's] post-dated check is security for this loan." Id. at 326. The plaintiff argued that this disclosure violated TILA because Illinois law does not permit a borrower's post-dated check to serve as collateral for security interests and, therefore, that the statement in the TILA disclosure was inaccurate. We rejected that argument. Although the check may not have constituted a security interest as defined in state law, it did represent additional security for the loan, and the lender did not violate TILA by stating that the post-dated check served as security. See id. at 330-31. The purpose of TILA--notice to the consumer--was fulfilled by disclosing the check.

The differences between state statutes establishing security interests and TILA also are demonstrated by the rule that, although TILA disclosures must be accurate, see Williams v. Chartwell Fin. Servs., Ltd., 204 F.3d 748, 753 (7th Cir. 2000), lenders may be overinclusive in their disclosures if "unsure whether a particular interest is a security interest under applicable law." 12 C.F.R. Pt. 226, Supp. I sec. 226.2(a)(25)(1); see also Smith, 195 F.3d at 328 n.1. Lenders, of course, should not disclose nonexistent security interests because overinclusive disclosures might deter a borrower's "future borrowing or property acquisition out of an exaggerated belief in the security interest to which [he] would be subject, or [give] a lender an apparent right which, even if ultimately unenforceable, could serve as a significant bargaining lever in any future negotiations concerning rights or obligations under the loan." Id. at 328 (citing Bizier v. Globe Fin. Servs., Inc., 654 F.2d 1, 3 (1st Cir. 1981)). However, a lender's reasonable, bona fide attempt to describe the security interest it intends to take in the chattels of the consumer does not violate TILA but, rather, is commensurate with its purpose.

B.  Household Goods

Mr. Szumny also claims that AGFI violated TILA by claiming a security interest in household goods, in contravention of the Federal Trade Commission ("FTC") Credit Practices Rule, 16 C.F.R. sec. 444 et seq. That rule prohibits creditors from taking a nonpurchase money security interest in certain household goods. Mr. Szumny argues that AGFI's attempt to take a security interest in his patio and pool equipment, as well as electronic equipment, violates this provision. Because AGFI never had a security interest to disclose, he submits, such a disclosure violated TILA.

The district court rejected Mr. Szumny's argument. The court first noted that Mr. Szumny had not alleged that AGFI actually violated the rule; he averred merely that "AGFI might have an invalid (at least under this rule) security interest because its claim on plaintiff's personal property may encompass household goods. He has not alleged that the security interest does this." R.40 at 7. Moreover, even if Mr. Szumny adequately had alleged that AGFI violated the Credit Practices Rule, the district court was not convinced that, without more, a TILA claim was presented. The court noted that the accuracy of disclosures are evaluated when the disclosures are made; it is irrelevant whether a security interest is later deemed invalid because it impermissibly purports to encompass household goods.

The district court also determined that the commentary to Regulation Z specifically includes household goods as an acceptable category for TILA disclosure purposes. The court explained that Mr. Szumny confused AGFI's "duty to disclose its security interest under the TILA with the extent to which it may be able to enforce that interest under state and federal law." R.40 at 8. The commentary to Regulation Z accounts for this distinction, the court maintained, because it sets out household goods as a permissible category under TILA, then warns that certain laws prohibit security interests in those goods. AGFI ultimately may find its security interest in household goods worthless, but that probability does not constitute a TILA violation.

We agree with the district court's conclusion. Even though state and federal laws prohibit the taking of security interests in certain household goods,/3 Regulation Z nevertheless lists household goods as one permissible category of TILA disclosures. See 12 C.F.R. Pt. 226, Supp. I, sec. 226.18(m)(2). The commentary explicitly notes the difference between identifying security interests for TILA disclosure purposes and other policies undergirding rules such as the Credit Practices Rule; it cautions creditors to be aware "that the Federal credit practices rules, as well as some state laws, prohibit certain security interests in household goods." Id. Thus, although household goods may be exempt under other laws from serving as collateral for security interests, a bona fide attempt to describe a security interest in household goods does not make the TILA disclosure infirm. Indeed, as we have pointed out earlier, the commentary to Regulation Z specifically permits the creditor to include arguable security interests within a TILA filing. Mr. Szumny's vague allegations do not, as the district court noted, constitute a claim that the listing of household goods was something

other than a bona fide attempt to disclose a
security interest.

C.  Insurance Premiums

Mr. Szumny also alleges that, because AGFI did
not have a valid security interest, it was
required to include the insurance premium in the
finance charge and annual percentage rate
sections of its disclosure statement. Including
the figure in the amount financed, Mr. Szumny
argues, violated TILA. Put more clearly, Mr.
Szumny is arguing that AGFI did not possess a
valid security interest; thus, there was no
collateral to protect through personal property
insurance. Because the insurance for which Mr.
Szumny was charged covered only collateral and
there was no collateral on account of the
invalidity of the security interest, no effective
insurance actually was purchased. Consequently,
Mr. Szumny contends, the price paid for the
premium was simply an additional finance charge
and should have been disclosed as such.

We believe that this argument must be assessed
in light of TILA's purpose of providing
information to the debtor about the obligations
that he is about to assume. Generally, Regulation
Z defines finance charges to include "[p]remiums
or other charges for insurance against loss of or
damage to property, or against liability arising
out of the ownership or use of property, written
in connection with a credit transaction." 12
C.F.R. sec. 226.4(b)(8). The regulation also
provides, however, that property insurance
premiums may be excluded from the finance charge
if the lender makes two disclosures: (1) explains
that the insurance may be obtained from anyone of
the consumer's choice and (2) discloses the
initial term of coverage if the insurance is
purchased from the creditor. See 12 C.F.R. sec.
226.4(d)(2)(i)-(ii).

Both requirements are satisfied here. First, the
disclosure statement informs the consumer that:

You are required to maintain personal property
insurance on personal property securing this loan
other than household goods. You may obtain such
insurance from anyone you want, or provide it
through an existing policy with loss payable to
us.

You are not required to purchase personal
property insurance on your household goods to
secure this loan. If you choose to have such
insurance, you may obtain the insurance from
anyone you want.

R.22, Ex.D.

        Second, the statement indicates:

If you obtain personal property insurance from or
through us which covers the collateral (other
than a motor vehicle) which secures your loan, it
will be for a term of 25 months and you will pay
$52.08. You also understand that we and/or our
insurance affiliates anticipate a benefit and/or
a profit from your purchase of insurance.

Id. Because both requirements of Regulation Z are
met, not including the insurance premiums in the
finance charge amount does not violate TILA.
Fulfilling these requisites satisfies TILA's
informational function.

D.   State Law Claims

        Finally, Mr. Szumny takes issue with the
district court's decision to dismiss the two
supplemental state claims. The decision to retain
supplemental claims is left to the discretion of
the district court. See 28 U.S.C. sec.
1367(c)(3); see also Van Harken v. City of
Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997)
("[W]e acknowledge the broad discretion of
district judges in making judgments concerning
the retention of supplemental claims."). There
was no abuse of discretion here.

Conclusion

        For the foregoing reasons, we affirm the
judgment of the district court.

AFFIRMED

/1 Both AGFI and ASIC were named as defendants in
this action, and both parties filed motions to
dismiss. Because AGFI was the only defendant
named in the federal TILA count (only the
Illinois Consumer Fraud Act claim was brought
against ASIC), the district court and the parties
agreed to address AGFI's motion first.

/2 Regulation Z references state law in its
definition of a security interest. It provides
that a security interest is "an interest in
property that secures performance of a consumer
credit obligation and that is recognized by State
or Federal law." 12 C.F.R. sec. 226.2(a)(25). The
official commentary further explains that the
"threshold test" for the existence of a security
interest is "whether a particular interest in
property is recognized as a security interest
under applicable law. The regulation does not
determine whether a particular interest is a

security interest under applicable law." 12 C.F.R. Pt. 226, Supp. I sec. 226.2(a)(25).

As we note later in the text, a description of a security interest in a TILA disclosure statement must be a bona fide description of what one reasonably believes to be a security interest under state law. Regulation Z does not require, however, a more complete analysis of the state law governing the creation of security interests, and, indeed, explicitly states that it is not within its province to determine whether a particular interest constitutes a security interest under other law.

/3 For example, the FTC Credit Practices Rule, 16 C.F.R. sec. 444 et seq., prohibits lenders from taking nonpurchase money security interests in certain household goods. Household goods are defined as:

Clothing, furniture, appliances, one radio and one television, linens, china, crockery, kitchenware, and personal effects (including wedding rings) of the consumer and his or her dependents, provided that the following are not included within the scope of the term "household goods":

(1)  Works of art;

(2)  Electronic entertainment equipment (except one television and one radio);

(3)  Items acquired as antiques; and

(4)  Jewelry (except wedding rings).

16 C.F.R. sec. 444.1(i).