In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3596

Thomas L. Hickey, III
and Hickey Funeral Home,

Plaintiffs-Appellants,

v.

Frank O'Bannon, individually and
in his official capacity as Governor of
the State of Indiana, Lawrence Voelker,
individually and in his capacity as a
purported member of the Indiana State Board of
Funeral and Cemetery Service, Jerry Maguire,
individually and in his official capacity as a member
of the Indiana State Board of Funeral and Cemetery
Service, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:00cv0657 AS--Allen Sharp, Judge.

Argued February 14, 2002--Decided April 25, 2002

Before Flaum, Chief Judge, Bauer and Evans,
Circuit Judges.

Bauer, Circuit Judge.  The plaintiffs-appellants filed suit against the defendants-appellees, claiming, among other things, deprivation of their constitutional rights in violation of 42 U.S.C. sec. 1983. The district court dismissed the appellants' complaint in its entirety, finding no constitutional basis to award the relief requested. We AFFIRM the decision of the district court.

Background

In September of 1997, a complaint was filed against the appellants with the consumer protection division of the Indiana Attorney General's Office. That complaint resulted in disciplinary action against the appellants, the dispensation of which serves as the basis for this lawsuit.

The filing of the September 1997

consumer complaint against the appellants prompted the state of Indiana, by way of its deputy attorney general, to file a disciplinary complaint/1 with the Indiana State Board of Funeral and Cemetery Service (the "Board"). The Board in turn instituted administrative proceedings, including three hearings at which the appellants were present and fully participated. Throughout the proceedings, the appellants challenged the status of certain Board members, arguing that such members were ineligible to serve under state statute. Notwithstanding the appellants' objections, the Board issued its Final Order imposing sanctions against the appellants.

The appellants subsequently filed a Verified Petition for Judicial Review of Agency Action in Indiana state court, and the Board's Final Order was ultimately set aside on state statutory grounds. After winning in state court, the appellants initiated this suit, seeking a remedy for claimed deprivation of "rights, privileges or immunities secured by the Constitution or laws of the United States or the state of Indiana." The district court dismissed the appellants' complaint, finding no appropriate basis under United States Constitution or section 1983 to award the relief requested therein. We agree with the district court that the appellants' complaint fails to set forth facts that, if true, establish a constitutional violation.

Discussion

We review the district court's decision to grant the appellee's motion to dismiss de novo.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim on which relief may be granted. Szumny v. Amer. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001) (citations omitted). At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law. Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998). All well-pleaded facts are accepted as true and are construed in favor of the plaintiff.

McLeod v. Arrow Marine Transp., Inc., 258 F.3d 608, 614 (7th Cir. 2001). Further, we are not obliged to accept as true legal conclusions or usupported conclusions of fact. Id.

Here, the appellants failed to plead facts that, if true, state a constitutional or section 1983 violation as a matter of law. Accepting all facts therein as true, the most liberal reading of the appellants' complaint reveals only that the Board failed to comply with procedural rules for conducting administrative hearings as provided by state statute. That is an insufficient basis on which to state a federal due process claim. Pro-Eco, Inc. v. Bd. of Comm'rs, 57 F.3d 505, 514 (7th Cir. 1995) (a violation of a state procedural statute does not offend the Constitution); Wallace v. Tilley, 41 F.3d 296, 301 (7th Cir. 1994) ("The denial of state procedures in and of itself does not create inadequate process under the federal constitution."); Osteen v. Henley, 13 F.3d 221, 225 (7th Cir. 1993) ("[A] violation of state law . . . is not a denial of due process, even if the state law confers a procedural right."); Coniston Corp. v. Village of Hoffman Estates, et al., 844 F.2d 461, 467 (7th Cir. 1988) ("A violation of state law is not a denial of due process . . . .") (citations omitted). Indeed, the appellants did receive all the due process to which they were constitutionally entitled; namely, notice and the opportunity to be heard. See, e.g., Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 654-55 (1985) (notice of and opportunity to be heard at disciplinary proceeding sufficient to satisfy demands of federal due process).

Moreover, the appellants have already sought and won relief pursuant to state statute for the procedural deprivations of which they complain. Cf. Pro-Eco, Inc., 57 F.3d at 514 (noting that plaintiff had already received relief for the defendant's violation of a state procedural statute in the form of invalidation of the subject ordinance when ruling that state procedural violation did not offend the United States Constitution). As noted by the district court, the appellants are simply not entitled to more procedure than this under federal law. Because the appellants

failed to plead facts sufficient to support their constitutional claims and on which relief could be granted, we find no error in the district court's grant of the appellees' motion to dismiss, and, therefore, we need not reach the issue of immunity.

Conclusion

The district court's dismissal of the appellants' case is hereby AFFIRMED.

FOOTNOTE

/1 The state later filed an amended disciplinary complaint against the appellants, upon which the Final Order issued by the Board is predicated.